**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BRETT STEELE,<br><br>Plaintiff,<br><br>v.<br><br>HON. JOHN M. McHUGH,<br>Secretary of the Army,<br><br>Defendant. | ) | Civil Action No. 13-1229 (CKK) |

# ANSWER

Defendant, the Secretary of the Army, by and through the undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

## DEFENSES

### First Defense

Plaintiff has failed to name the proper party as a defendant in this action. The proper Defendant in this action is the Secretary of Defense. *See* 10 U.S.C. § 1595 (a), (c), and (d).

### Second Defense

Plaintiff has failed to perfect service on the proper defendant for this action.

### Third Defense

Plaintiff's claims for compensatory damages (such as pain, suffering, loss of reputation, loss of career opportunity and other non-economic damages) are barred in that the United States has not waived sovereign immunity to permit recovery of such damages under the Age Discrimination in Employment Act ("ADEA").

Fourth Defense

Plaintiff's claim for equitable relief is barred as he has no standing to seek such relief.

Fifth Defense

Plaintiff's claim for hostile work environment is barred by the good faith defense establish recognized in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

Sixth Defense

Plaintiff's claims are barred to the extent he failed to mitigate damages.

Seventh Defense

Plaintiff is not entitled to a jury trial as the ADEA does not allow for a jury trial where the defendant is a federal official of the United States.

Eighth Defense

As a separate and further defense, answering specifically the numbered paragraphs of Plaintiff's Complaint and without waiving any defenses and/or objections, Defendant admits, denies, or otherwise avers as follows:[1]

**NATURE OF THE CASE**

1. The allegations contained in paragraph 1 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies the allegations in paragraph 1.

**PARTIES**

2. Admits.

[1] For the convenience of the Court and the parties, Defendant has adopted some of the number scheme, headings, and sub-headings used in Plaintiff's Complaint. The uses of that format are not intended to, nor do they, operate as admissions.

3. Defendant admits the allegations contained in the first and second sentence of paragraph 3 to the extent that the Honorable John M. McHugh is the Secretary of the Army; otherwise Defendant denies. The allegations contained in the third sentence of paragraph 3 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies the allegations in third sentence of paragraph 3.

4. The allegations contained in paragraph 4 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

**JURISDICTION**

5. The allegations contained in paragraph 5 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required.

8. The allegations contained in paragraph 8 constitute conclusions of law to which no answer is required.

9. The allegations contained in paragraph 9 constitute conclusions of law to which no answer is required.

10. Defendant admits to allegations contained in paragraph 10 to the extent that Plaintiff filed informal and formal complaints on the dates alleged, but denies occurrence of any discriminatory or retaliatory actions.

11. Defendant admits the allegations of Paragraph 11 to the extent that the Final Agency Decision notified Plaintiff of his right to file a complaint within 90 days of receipt of the decision; otherwise Defendant denies the allegations.

12. The allegations contained in paragraph 12 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required.

## FACTS

13. Defendant's responses to paragraphs 1 through 12 of the Complaint are incorporated by reference.

14. Admits.

15. Admits.

16. Admits.

17. Admits.

18. Denies.

19. Admits.

20. Defendant denies the allegations in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies.

22. Defendant denies the allegations in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Defendant denies the allegations in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Defendant denies the allegations in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Defendant denies the allegations in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies.

27. Defendant denies the allegations of contained in the first sentence of paragraph 27. The allegations contained in the second sentence of paragraph 27 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required.

28. Denies.

29. Admits.

30. Admits.

31. Denies. Avers that Plaintiff was notified that his appointment as an Associate Professor would be terminated (during his probationary period) on August 19, 2011.

32. Defendant denies the allegations in paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Defendant denies the allegations in paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Admits.

35. Defendant admits the allegations of paragraph 35 to the extent that Plaintiff was told to surrender his CAC card, office key and ID badge and was escorted through the process, but denies Plaintiff's characterization of the timing.

36. Admits.

37. Defendant admits the allegations of paragraph 37 to the extent that Plaintiff was placed on administrative leave; otherwise Defendant denies and avers that Plaintiff's leave was with pay.

38. Denies.

39. Defendant admits the allegations contained in paragraph 39 to the extent that Plaintiff was barred from admittance to post; otherwise Defendant denies the allegations in paragraph 39 for lack of knowledge or information sufficient to form a belief as to their truth.

40. Defendant denies the allegations in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Defendant admits the allegation in paragraph 41 to the extent that Plaintiff did not receive a written, annual performance evaluation; otherwise denies. Defendant avers that Plaintiff was not entitled to such an evaluation.

42. Defendant denies the allegations in paragraph 42 for lack of knowledge or information sufficient to form a belief as to their truth.

43. Denies.

## CAUSES OF ACTION

### COUNT I
**Age Discrimination in Employment Act of 1967,**
**29 U.S.C. § 621 et seq.**
**(Employment Discrimination on the Basis of Age)**

44. Defendant's responses to paragraphs 1 through 43 of the Complaint are incorporated by reference.

45. The allegations contained in paragraph 45 constitute conclusions of law to which no answer is required.

46. Admits.

47. The allegations contained in paragraph 47 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

48. Defendant denies that anyone, of any age, was forced to resign or was terminated based on discriminatory reasons.

49. Defendant denies the allegations in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Plaintiff's allegations are too general to permit Defendant to admit or deny the allegations of Paragraph 50, but Defendant denies any implication that it acted for discriminatory or retaliatory reasons against Plaintiff.

51. The allegations contained in paragraph 51 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies that any professor was subject to discrimination.

52. Denies.

53. Denies.

54. The allegations contained in paragraph 54 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

55. The allegations contained in paragraph 55 (including all subparts) contain Plaintiff's demand for judgment to which no answer is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II
**Age Discrimination in Employment Act of 1967,**
**29 U.S.C. § 621 et seq.**
**(Retaliation)**

56. Defendant's responses to paragraphs 1 through 55 of the Complaint are incorporated by reference.

57. Denies.

58. Admits.

59. Defendant admits the allegation contained in paragraph 59 to the extent that at some time after Plaintiff filed his informal EEO complaints, Plaintiff's supervisors became aware of it; otherwise denies.

60. Admits.

61. Denies.

62. Denies.

63. Denies.

64. Denies.

65. Denies.

66. Defendant denies that anyone, of any age, was subject to retaliation.

67. Denies.

68. Denies.

69. Denies.

70. Denies.

71. The allegations contained in paragraph 71 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

72. The allegations contained in paragraph 72 (including all subparts) contain Plaintiff's demand for judgment to which no answer is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**COUNT III**
**Age Discrimination in Employment Act of 1967,**
**29 U.S.C. § 621 et seq.**
**(Hostile Work Environment)**

73. Defendant's responses to paragraphs 1 through 72 of the Complaint are incorporated by reference.

74. Denies.

75. Denies.

76. Defendant denies the allegations in paragraph 76 for lack of knowledge or information sufficient to form a belief as to their truth.

77. Denies.

78. Denies.

79. The allegations contained in paragraph 79 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

80. The allegations contained in paragraph 80 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

81. The allegations contained in paragraph 81 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

82. The allegations contained in paragraph 82 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

83. The allegations contained in paragraph 83 (including all subparts) contain Plaintiff's demand for judgment to which no answer is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**COUNT IV**
**(Constructive Discharge)**

84. Defendant's responses to paragraphs 1 through 83 of the Complaint are incorporated by reference.

85. Denies.

86. The allegations contained in paragraph 86 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

87. Denies.

88. The allegations contained in paragraph 88 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

89. Denies.

90. The allegations contained in paragraph 90 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

91. The allegations contained in paragraph 91 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

92. The allegations contained in paragraph 92 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent that they are deemed allegations of fact, Defendant denies.

93. The allegations contained in paragraph 93 (including all subparts) contain Plaintiff's demand for judgment to which no answer is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**COUNT V**
**Equitable Relief**

94. Defendant's responses to paragraphs 1 through 93 of the Complaint are incorporated by reference.

95. The allegations contained in paragraph 95 (including all subparts) contain Plaintiff's demand for judgment to which no answer is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to any relief whatsoever.

**JURY DEMAND**

96. Plaintiff is not entitled to a trial by jury under the Age Discrimination in Employment Act.

Respectfully Submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

BY:__________/s/______________
JOHN J. GOWEL, D.C. Bar # 501185
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2574
John.Gowel@usdoj.gov

*Attorneys for Defendants*